CAMPBELL, Acting Chief Judge.
Appellant, Joseph Thomas Wissel, challenges his judgment and sentence for D.U.I. in violation of section 316.193, Florida Statutes (1993), entered following a county court jury trial that took place after his motions to suppress were denied. The county court judge certified to this court the following issue as one of great public importance:
Does either State v. Reisner, or Florida Statutes Chapter 120, require that procedures adopted and employed by the FDLE in preparing the stock solution which is used by local police agencies as the standard to test the accuracy of each registered intoxUyzer machine pursuant to Administrative Rules 11D-8.006 be promulgated and adopted in accordance with Chapter 120 of the Florida Statutes? 584 So.2d 141 (5th DCA Fla. 1991).
We have accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(a) and, as we will explain, answer the certified question in the negative and affirm.
The certified question posed to us essentially asks whether every step, aspect or procedure employed in the simulation tests used to inspect breath test instruments pursuant to Florida Administrative Code Rules 11D-8.005 and 11D-8.006 must be expressly prescribed by rule or regulation required by section 316.1932(l)(f)l and adopted pursuant to chapter 120, The Florida Administrative Procedures Act. We hold that procedures that are implicit and incidental to procedures otherwise explicitly provided for in a properly adopted rule or regulation do not require further codification by a further adopted rule or regulation. In our opinion, to hold otherwise belies statutory intent and/or common sense.
Rule llD-8.005(l)(a) and (b) and Rule llD-8.006(l)(a) and (b) are identical (except for the required minimum number of tests) in providing for the method of testing breath test instruments for accuracy. Those rules provide as follows:
When conducting an ... inspection in accordance with this rule, the ... technician shall make the following cheeks for accuracy and alcohol-free reading:
(a) Accuracy — Simulator tests will be completed for each test instrument using vapor mixtures containing alcohol at con *508 centrations of 0.050g/210L, 0.100g/210L and 0.200g/210L_
The observed values must fall within the following ranges at each concentration: 0.050g/210L Acceptable range: 0.095-0.105g/210L, 0.200g/210L Acceptable range: 0.190-0.210g/210L.
(b) Alcohol-Free Solution — Simulator tests will be completed for each test instrument using an alcohol-free vapor mix-ture_ The alcohol-free solution standard for the instrument requires that no reading be more than 0.010g/210L.
Appellant argues that there is no properly adopted rule or regulation that defines “vapor mixture” or that specifies the “procedures” on how to mix or produce a simulator vapor solution; on how to clean the glassware utilized; the type of glassware to be used; or from what source the stock solution should be obtained. We conclude that such details of the manner of conducting the simulator tests required by Rules 11D-8.005 and 11D-8.006 are implicit and inherent in the details of the scientific requirements specifically expressed in the rules.
While addressing different issues than are raised by this appeal, the decision in State v. Friedrich, 681 So.2d 1157 (Fla. 5th DCA 1996), is helpful and instructive in understanding our conclusions as to the issue raised before us. The court in Friedrich stated: “The ... attack on the admissibility, in general, of the results of the breath tests based on the range of composition of the stock solution is speculative and theoretical.”
We likewise conclude that appellant’s attack, based on the lack of a rule or regulation to cover every step of the testing procedures for breath test instruments, is not only speculative and theoretical, but also hyper-technical.
Affirmed.
PARKER, J., and HALL, VINCENT T., Senior Judge, concur.